IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHNNY L. DORAZIO, SR.,                          :
                                                 :
            Plaintiff,                           :
                                                 :
      v.                                          : Civil Action No. 21-408-RGA
                                                 :
JESSICA L. JOHNSON, et al.,                      :
                                                 :
            Defendants.                          :

---

Johnny L. Dorazio, Sr., James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

### MEMORANDUM OPINION

November  5, 2021
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Johnny L. Dorazio, Sr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Complaint names seven defendants, six nurses and the Delaware Department of Correction.

The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment in the delay and denial of medical care. (D.I. 3 at 5). He also alleges negligence. (*Id.*).

Plaintiff was a pretrial detainee from January 8, 2018 until November 1, 2019. During that time he was allowed to keep his eyeglasses. Plaintiff was sentenced, and on November 1, 2019, he was transferred to JTVCC. (*Id.*). His glasses were confiscated because they had metal frames, and they were mailed to his family. (*Id.*). Plaintiff was not given replacement glasses. (*Id.*). Receiving nurse Defendant Jane Doe was supposed to put Plaintiff on "the list" to see an optometrist that day, i.e., November 1, 2019. (*Id.*) When two weeks had passed without glasses Plaintiff submitted a sick call slip and was told by a nurse that he was not on the optometry list. (*Id.*). Plaintiff alleges Nurse Doe was negligent. (*Id.*).

1

The sick call nurse submitted a consult for optometry on November 13, 2019. (*Id.*). Three and one-half months passed and, on February 27, 2020, Plaintiff submitted a grievance. (*Id.* at 5-6). Defendant grievance hearing officer Jessica Johnson told Plaintiff that there were COVID restrictions and once the restrictions were lifted, it would be a first priority for Plaintiff to see an optometrist. (*Id.* at 6). Months passed, the COVID restrictions were lifted, and Plaintiff discovered than an optometrist had been to the facility to see patients, and he was not one of them. (*Id.*).

Plaintiff submitted another grievance on January 27, 2021. He asked that his family be allowed to purchase glasses from an outside provider and send the glasses to him at the prison. (*Id.*). Defendant grievance hearing officer Kristen Scott told Plaintiff that she would work to get his last prescription from Plaintiff's outside optometrist. (*Id.*). The grievance proceeded to "level 2" and was denied by Defendants Lisa B. Brooks, Ephram Jeon, and Daniel Saxton. (*Id.*). The next day, Plaintiff submitted another medical grievance and the grievance was returned unprocessed by Scott. (*Id.*).

Plaintiff seeks injunctive relief and compensatory damages. (*Id.* at 8-9)

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and

2

take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

3

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Eleventh Amendment**. The Delaware Department of Correction is a named defendant. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its Eleventh Amendment immunity. *Jones v. Mirza*, 685 F. App'x 90, 92 (3d Cir. 2017). As an agency of the State of Delaware, the Department of Correction is entitled to immunity under the Eleventh Amendment. *See, e.g., Evans v. Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity). Therefore, the DOC will be dismissed as a defendant based upon its immunity from suit.

4

**Negligence**.  Plaintiff alleges that Nurse Doe was negligent when she failed to schedule him to see an optometrist on November 1, 2019 as she indicated she would. The Supreme Court has held that mere negligence in and of itself does not violate a prisoner's constitutional rights.  *See Daniels v. Williams*, 474 U.S. 327, 330-36 (1986); *see also Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). (merely negligent treatment does not give rise to a constitutional violation).  The claim against Nurse Doe will be dismissed as frivolous.

**Grievances**.  The remaining claims that are raised against Johnson, Scott, Brooks, Jeon, and Saxton concern grievances Plaintiff submitted and the results of those grievances.  The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006).  To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective  grievance process." *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).  Moreover, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court.  *Winn v. Department Of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against Johnson, Scott, Brooks, Jeon, and Saxton as frivolous.

5

**Amendment**.  The gist of Plaintiff's Complaint is that there has been a delay or denial of eyeglasses necessary for his vision.  It is possible that Plaintiff may be able to state a claim upon amendment.  Therefore, he will be given leave to amend.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous and based upon Defendant's immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2).  Plaintiff will be given leave to amend the eyeglasses medical needs claim.

An appropriate order will be entered.

6